## NATIONAL CASUALTY CO. v. BRUNDAGE.

No. 8836.

United States Court of Appeals District of Columbia.

Argued Feb. 19, 1945.

Decided March 26, 1945.

Mr. Norman Sill, of Washington, D. C., with whom Mr. Robert W. Green, of Washington, D. C., was on the brief, for appellant.

Mr. Martin F. O'Donoghue, of Washington, D. C., for appellee.

Before MILLER, EDGERTON, and ARNOLD, Associate Justices.

PER CURIAM.

Appellee's husband, on February 5, 1940, filed a complaint in the District Court to recover sickness indemnity under a group health and accident policy issued by appellant. The court, on appellant's motion, dismissed the complaint for failure to show compliance with a provision of the policy which required suit to be brought within one year from the date when the cause of action accrued.[1] Thereafter, following her husband's death, appellee, as the administratrix of his estate, filed an amended complaint for wrongful cancellation of the policy and for damages. Appellant answered and the case was tried. The trial judge found as follows: "1. That the defendant, National Casualty Company, a body corporate, issued a sick and accident policy to Dean Kennedy Brundage on November 2, 1933. 2. That while the policy was current and in force and effect the said Dean Kennedy Brundage, in his lifetime did become sick and disabled within the meaning and coverage of said policy on July 14, 1937. 3. That the said defendant Insurance Company did accept notice and proof of loss and disability from the said Dean Kennedy Brundage and did acknowledge that the said Dean Kennedy Brundage was totally disabled within the meaning of the policy and did pay four weeks disability payments at the rate of forty-five dollars ($45.00) per week on September 27, 1937. 4. That thereafter the said defendant refused to make any more disability payments to the said Dean Kennedy Brundage. 5. That the said defendant company did wrongfully cancel and terminate said sick and accident policy by letters dated January 26, 1938, and February 28, 1938. 6. That the said Dean Kennedy Brundage was totally disabled within the meaning of the policy from July 14, 1937, until the date of his death on January 1, 1942. That the policy provides for the payment of Fifty-two weeks sick indemnities at the rate of forty-five dollars ($45.00) per week. That the said company has paid four weeks payments and since the insurance company has wrongfully cancelled and terminated the insurance policy the plaintiff is entitled to recover the present worth of said policy as of the date of cancellation which the Court finds to be the balance of the forty-eight payments at the rate of forty-five dollars ($45.00) per week or the sum of two thousand, one hundred and sixty ($2,160.00) dollars. Said judgment not to bear interest which absence of interest will be the equivalent of the present worth of the policy. 7. That the burden of proof was upon the said insurance company to prove justification for the cancellation and termination of the policy upon the grounds

[1] Cf. Act of June 19, 1934, 48 Stat. 1166, ch. 672, § 12, D.C. Code 1940, § 35—712(c) (14), which requires a standard provision in such policies of a two year period of limitation.

stated in the letters of January 26, 1938, and February 28, 1938, and no such evidence was introduced." He concluded as a matter of law that appellant had wrongfully cancelled and terminated the insurance policy and awarded judgment for the present worth of the policy as of the date of cancellation. The record supports the findings, conclusion and judgment.

·Affirmed.